# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELVIN K. WILLIAMS, JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **SONNY PERDUE**, in his official capacity as Secretary, United States Department of Agriculture *et al.*, <br> Defendants. | Case No. 1:18-cv-01157 (TNM) |

## **MEMORANDUM OPINION**

Federal courts, like museums, have different portals for different people. A hapless tourist who enters through the employees' door may be ejected from a museum, even if he were otherwise entitled to be there. Similarly, a plaintiff who comes into federal court through the federal removal process may find his case thrown out, even if it could have properly arrived there another way. Such is the plight of Melvin Williams, who sued the U.S. Department of Agriculture in the Superior Court of the District of Columbia, alleging the Department discriminated and retaliated against him based on his disability. The Department's conduct, he contends, violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.

The Department, as a federal defendant, exercised its right to remove the case to federal court. It now seeks dismissal, arguing, among other things, that this Court lacks jurisdiction over Mr. Williams's Complaint. The Court agrees. Because the Superior Court lacks jurisdiction over Rehabilitation Act cases involving federal agency defendants, this Court cannot exercise derivative jurisdiction. It will therefore dismiss the case.

**I.**

Mr. Williams worked for the Department for about a decade before being fired in 2017. Compl. 1, ECF No. 16. He alleges that he injured his right hand while "on the job as a printing equipment operator." *Id*.[1] The Department responded to this accident, he believes, in several improper ways. *See id.* at 1-2. First, it "pretended the injury had not occurred at all." *Id*. It "denied his repeated requests for reasonable accommodation, and then falsely claimed that he had requested no accommodation." *Id*. at 2. It "discriminated and retaliated against him by refusing to authorize his continued leave without pay." *Id*. Finally, it "fir[ed] him on the fabricated pretext that he had been absent without leave." *Id*. Relying on these allegations, Mr. Williams asserts that the Department engaged in "disability-based discrimination under Section 504" of the Rehabilitation Act. *Id*. at 18.

After he was terminated, Mr. Williams filed a complaint with the Department's Equal Employment Opportunity Office. *See* ECF No.1-3 at 1. The Office investigated and issued a report detailing its findings. *Id*. at 2. Based on this report and the record, the Department's Office of Adjudication issued a Final Agency Decision on Mr. Williams's claims. *Id*. It concluded that "discrimination and harassment did not occur with respect to the issues in this complaint." *Id*. at 17. It found, among other things, that

- Mr. Williams "was given numerous opportunities to continue to work and was given modified duties that addressed the limited performance of his right hand,"
- He "continuously refused to report for duty, even after he was medically cleared to report to work," and

---

[1] The Court draws all reasonable inferences in favor of Mr. Williams in considering the Department's Motion to Dismiss. *See Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011).

- The Department "proffered a legitimate, nondiscriminatory reason for its decision to terminate [Mr. Williams]."

*Id*. at 14-15.

Mr. Williams disagrees with these findings. Proceeding *pro se*, he challenged the Final Agency Decision in the District's Superior Court. Compl. 1 n.1, ECF No. 16. *See also* Pl.'s Petition for Review of Agency Decision, ECF No. 1-2 at 2. His Petition named the Department and four of its employees as defendants. *Id*. But it did not describe any of his factual allegations or legal claims. *See id*. Because Mr. Williams sued federal defendants alleging violations of a federal law, the Department removed the case to this Court under 28 U.S.C. § 1442. *See* ECF No. 1 at 1.

The Department then moved to dismiss the individually named defendants and for a more definite statement of Mr. Williams's claims. *See* ECF Nos. 4 and 10. The Court granted both motions. In requiring a more definite statement from Mr. Williams, it noted that a complaint in federal court must contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for the relief sought. *See* Court's October 9, 2018 Order, ECF No. 11 at 1 (discussing Fed. R. Civ. P. 8(a)).

A few days after the Court's Order, Mr. Williams obtained counsel. *See* ECF No. 12. He then filed the current Complaint detailing his contentions of law and fact. *See* Compl. In response, the Department has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, in "every case, the jurisdictional requirements of Article III must be present before a court may proceed to the merits." *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). Indeed, it is "to be presumed that a cause lies outside [the Court's] limited jurisdiction," which "is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). To assess whether it has jurisdiction over the case, the Court "may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III.

The Court must dismiss this case for lack of subject matter jurisdiction. Under 28 U.S.C. § 1442(a), federal defendants who are sued in "a State court" may remove the action to a federal district court.[2] When a federal defendant removes a case under Section 1442, the federal court may hear the plaintiff's claims only if the state court had jurisdiction to hear the those claims. *Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (citing *Lambert Run Coal Co. v.*

---

[2] For the purposes of removal, the "term 'State court' includes the Superior Court of the District of Columbia." *Id*. § 1442(d)(6).

4

*Baltimore*, 258 U.S. 377, 382 (1922)).  This is true even if the Court would have had original jurisdiction had the case been filed here first.  *Id*.

The Superior Court lacked jurisdiction to consider Mr. Williams's allegations.  This is because the "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  A waiver of this sovereign immunity "must be unequivocally expressed in statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  And the United States has not expressly consented to be sued in the Superior Court for violating the Rehabilitation Act.

The Act authorizes some cases against the Federal Government but subjects them to the limitations imposed by Title VII of the Civil Rights Act of 1964.  *See* 29 U.S.C. § 794a(a)(1).  Title VII, in turn, identifies the courts that have jurisdiction to hear Title VII claims.  It states that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter."  42 U.S.C. § 2000e–5(f).

The District's Superior Court is not such a court.  The "clear meaning of the phrase 'United States district court' does not encompass state courts or the courts of the District of Columbia."  *Day*, 308 F. Supp. 3d at 142.  And while the District of Columbia is a "place subject to the jurisdiction of the United States," the Superior Court is not the District's "United States court."  *See id.* at 142-43 (explaining Congress created the Superior Court to "serve as a local court system," and that the Superior Court is "essentially similar" to the "local courts found in the 50 States of the Union").  Indeed, Congress has mandated that the Superior Court be considered a state court for removal purposes.  *See* 28 U.S.C. § 1451(1).  So, because the

Superior Court is not expressly authorized to hear Rehabilitation Act claims against federal defendants, it lacked the jurisdiction to rule on Mr. William's allegations. And because the Superior Court lacked jurisdiction, this Court does too. *Lambert Run Coal Co.*, 258 U.S. at 382.

Mr. Williams's arguments to the contrary are unpersuasive. To begin with, he appears to concede that the law compels the Court's decision. *See* Pl.'s Opp. to Mot. to Dismiss ("Pl.'s Opp."), ECF No. 22, at 2 ("Under existing precedent, the Secretary's derivative jurisdiction argument is entitled to prevail where subject-matter jurisdiction was lacking in the state court removed from."). This statement is correct—existing, binding precedent mandates dismissal here.

But even ignoring this apparent concession, Mr. Williams's contentions fail. He notes that this case "and its current posture are quite atypical" and that Mr. Williams "was *pro se* until after removal." *Id*. True. But he cites no authority for the notion that a plaintiff's *pro se* status permits the Court to expand its statutorily defined jurisdiction.

Mr. Williams also suggests that his filing in the Superior Court "was not a complaint, but was a legally inoperative 'petition for review of agency decision.'" *Id*. And he contends that when he filed his Complaint in response to this Court's Order to file a more definite statement, Mr. Williams "effectively set up original jurisdiction." *Id*. By requiring a more definite statement, Mr. Williams believes, the Court "disregard[ed] the defective pleading that 'initiated' the D.C. Superior Court case, rendering that pleading a nullity." *Id*. at 4. Not so. The Court merely summarized Federal Rule of Civil Procedure 8(a), which describes the requirements of complaints before federal courts. *See* ECF No. 11 at 1. It made no determination about the validity of a pleading filed in the Superior Court. Indeed, the Court lacks jurisdiction to do so.

6

Mr. Williams urges that, in ordering a more definite statement of his allegations, the Court "employed a repleading procedure specifically contemplated and authorized by Fed. R. Civ. P. 81(a)." Pl.'s Opp. at 4. But again, Mr. Williams misreads the Court's Order, which simply granted the Department's motion for a more definite statement. That motion, and the Court's Order, concerned Rule 8 and not Rule 81(a).

Next, Mr. Williams correctly observes that a party seeking removal from state court bears the burden of showing that jurisdiction exists in federal court. *Id*. at 5. If this Court lacks jurisdiction, he contends, then the Department failed to meet its removal burden and the "threshold jurisdictional dispute should have played out in the D.C. court." *Id*. Perhaps. But whether removal was proper does not affect the scope of this Court's jurisdiction. And even if the Court agreed with Mr. Williams, the appropriate remedy would be to remand the case to the Superior Court. On remand, of course, the Superior Court would be compelled to dismiss the case for lack of jurisdiction. This argument thus fails ameliorate Mr. Williams's predicament.

Lastly, Mr. Williams argues that the Department could have sought removal under either 28 U.S.C. § 1441 or § 1442. When a case is removed under Section 1441, a federal court may hear a claim over which it would have had original jurisdiction, even if the state court lacked jurisdiction over the claim. 28 U.S.C. § 1441(f). By contrast, removals under Section 1442 are subject to the derivative jurisdiction requirements discussed above. Mr. Williams suggests that the choice to remove the case under Section 1442 "suggests that the Government has been stringing the plaintiff and the Court along in order to seek this particular litigation advantage." Pl.'s Opp. at 7.

But Section 1442 is the proper removal mechanism for federal defendants. By its plain terms, it applies to the "United States or any agency thereof," or "any officer" of a federal

agency. 28 U.S.C. § 1442(a)(1). The Court sees no evidence of an improper motive here. And, even if it did, it lacks the power to expand its subject matter jurisdiction to address such a motive.

Underlying Mr. Williams's arguments is a mistaken belief that the Court may expand its subject matter jurisdiction. True, the Court construes *pro se* filings liberally. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). And it is mindful of the costs and burdens of re-filing a new case in federal court. But the jurisdiction of federal courts is limited and "is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377. Thus, because the Superior Court lacked jurisdiction to hear Mr. Williams's claims, the Court cannot derive removal jurisdiction over these claims under 28 U.S.C. § 1442(a). It must therefore dismiss the case.

## IV.

For these reasons, the Defendant's Motion to Dismiss will be granted. A separate Order accompanies this Opinion.

Dated: June 7, 2019　　　　　　　　　　　　　　　TREVOR N. McFADDEN, U.S.D.J.